UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                    Case No. 91-80246
      v.                             Hon. Terrence G. Berg

FELICIA DAWSON,

      Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EXPUNGEMENT (DKT. 141)

In this case, Defendant Felicia Dawson asks the Court to order the record for her arrest in this case removed from her criminal record so she can obtain better employment. Dkt. 141. Because the Court lacks jurisdiction to expunge Defendant's conviction, Defendant's motion is **DENIED**.

## I.   BACKGROUND

In 1993, Defendant was charged, entered a guilty plea, and was sentenced in a case involving conspiracy to commit wire fraud. Dkts. 1, 51, 75. Twenty three years later, Defendant submitted a letter to the Court, asking for expungement. Dkt. 141. In the time between serving her sentence and her request, Defendant earned her GED, got married, and secured employment as a cook. Dkt. 141. She now wants to obtain better employment and to use the extra money she would make to travel with her husband. Dkt. 141.

## II.  ANALYSIS

As courts of limited jurisdiction, federal courts possess only those powers authorized by the Constitution and federal statutes and may not expand such powers by judicial decree. *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal quotation marks omitted). With respect to criminal jurisdiction, the district courts of the United States "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. The Sixth Circuit has discussed in past opinions the authority of district courts to grant expungement. *See, e.g.*, *Lucido*, 612 F.3d at 871. There are three possible circumstances in which a federal court may expunge a conviction: (1) when the court has original jurisdiction under 18 U.S.C § 3231; (2) when a statute authorizes expungement of the conviction under the circumstances; or (3) when a court has authority under its ancillary jurisdiction. *Id.* at 873.

Here, the Court does not have jurisdiction under the first ground because § 3231 confers jurisdiction for "offenses against the laws of the United States" only, and Defendant's motion for expungement is a request for an equitable form of relief seeking to alter public records through a Court order that requires the record of her arrest in this case to be removed from her criminal record. Such a request is independent from the criminal proceedings, meaning the Court does not have original jurisdiction under 18 U.S.C. § 3231.

The Court also lacks jurisdiction under the second ground because there is no statutory authority that authorizes expungement under these circumstances, and Defendant fails to identify any.

Finally, under the third ground, a court may have the authority to expunge a felony conviction "(1) to permit disposition by a single court of claims that are . . . factually interdependent; and (2) to enable a court to . . . manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S at 379-80.  In this case, the Court's authority to resolve factually interdependent claims does not apply to a request that is made more than twenty years after the original sentence. And Defendant's case has been long resolved and she has not identified any matter left to vindicate or effectuate from the previous proceedings. Thus, the Court does not have the authority under it ancillary jurisdiction to expunge Defendant's conviction.

Although this Court cannot expunge Defendant's conviction, the President can pardon her. That said, a pardon might not lead to the removal of Defendant's arrest record in this case from her criminal record. Defendant can find more information about how to apply for a pardon at: https://www.justice.gov/pardon/application-forms.

## III. CONCLUSION

For the reasons explained above, the Court lacks the jurisdiction to grant Defendant's request for expungement of her felony conviction. Dkt. 141. Accordingly, Defendant's motion for expungement is **DENIED**.

**SO ORDERED.**

Dated:  December 21, 2016                         s/Terrence G. Berg
                                                  TERRENCE G. BERG
                                                  UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on December 21, 2016, using the CM/ECF system, which will send notification to all parties.

                                                  s/S. Burns
                                                  Case Manager